# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRILOGY MARKETING, INC.,

    Plaintiff,

  v.

MEMSIC, INC.,

    Defendant.

Case No. 2:12-cv-13967-RHC-MKM

Hon. Robert H. Cleland
Magistrate Mona K. Majzoub

---

Mark A. Aiello (P43012)
Nicholas J. Ellis (P73174)
FOLEY & LARDNER LLP
500 Woodward Ave., Suite 2700
Detroit, MI 48226
(313) 234-7100
maiello@foley.com
nellis@foley.com

*Attorneys for Trilogy Marketing, Inc.*

Phillip C. Korovesis (P40579)
BUTZEL LONG
150 W. Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
korovesis@butzel.com

David E. Cole
FOLEY HOAG LLP
Seaport West
155 Seaport Blvd.
Boston, MA 02210
(617) 832-1000
dcole@foleyhoag.com

*Attorneys for Memsic, Inc.*

---

## **STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties, and the Court otherwise being fully advised in the premises,

**IT IS HEREBY ORDERED:**

1. This Protective Order ("Order") is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled. This Order shall govern the handling of all documents, things, testimony, and other information, or the substance thereof in any form, including documents and things produced by either party, interrogatory answers, responses to requests for admissions, deposition exhibits, and any other discovery materials produced, and all copies, excerpts, abstracts, and summaries thereof produced, given, or filed during discovery and other proceedings in this action ("Information"), including Information designated "Confidential" or "Highly Confidential" as set forth below. (Information designated "Confidential" or "Highly Confidential" shall be collectively referred to as "Protected Material.")

2. Any party or other person agreeing to be bound hereby producing or disclosing Information may designate any portions of any Information as "Confidential" or "Highly Confidential," subject to the paragraphs below.

3. The parties' counsel and any other persons obtaining any information designated as Protected Material shall (a) maintain such Information as "Confidential" or "Highly Confidential," as the case may be, in accordance with this Order; (b) not disclose such protected material to any person, entity, organization, or agency except as expressly provided below; and

(c) exercise reasonably appropriate care with regard to the storage, custody, or use of protected material in order to ensure that the confidential nature of the same is maintained.

4. A party receiving Protected Material from the other party shall not use or disclose such Protected Material for any purpose other than the prosecution or defense of this lawsuit. Persons permitted access under this Order shall take reasonable steps to maintain the confidentiality of documents containing Protected Material, in its original form or otherwise.

5. <u>Confidential Information.</u> A party may designate as "Confidential" any Information that constitutes, reflects, or concerns non-public, confidential or proprietary information (whether personal or business-related), know-how, sensitive technical information, and other information that, if disclosed publicly, would materially affect that party's business. Information designated "Confidential" shall not, without the consent of the party producing it or further order of the Court, be disclosed to anyone other than:

    a. Outside counsel of record for the parties and their support staffs (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

    b. Outside photocopying, coding, digitizing, data processing, graphic production services, or other vendors that the parties or their counsel utilize to assist in this action;

    c. Current employees or representatives of a party who, in the determination of the attorney for that party, have a need-to-know for purposes directly related to the prosecution or defense of this lawsuit, but only after such persons have executed the Confidentiality Agreement attached hereto as <u>Exhibit A</u>;

    d. Deponents noticed or subpoenaed by the parties, so long as that deponent (i) is the producing party's designee under Fed. R. Civ. P. 30(b)(6); (ii) is a partner, director, officer, regular employee, or agent of the producing party; or (iii) was a person who either prepared or assisted in the preparation of the information, or received the information from the producing party or any of its partners, directors, officers, regular employees, in-house counsel, or agents in the normal course of business and outside the context of this action;

  e. Outside expert witnesses and outside expert consultants (and their clerical staff) retained in connection with this action (i) who are not known or identified competitors with any of the parties, (ii) who are not otherwise employed by a known or identified competitor of any of the parties, (iii) to the extent such disclosure is necessary for the preparation for trial or trial of this action; and (iv) only after such persons have executed the Confidentiality Agreement attached hereto as <u>Exhibit A</u>;

  f. Any person or persons who prepared particular documents or to whom particular documents were addressed;

  g. The Court and its officers, including without limitation court reporters, stenographic reporters, clerks, court personnel, and jurors; provided, however, that any filing containing Protected Material hereunder must conform to paragraph 11 below; and

  h. Insurers of any party, on a need-to-know basis, but only after such persons have executed the Confidentiality Agreement attached hereto as <u>Exhibit A</u>;

  i. Other persons who may be specifically designated by advance written consent of all parties in this action, or by order of the Court, but only after such persons have executed the Confidentiality Agreement attached hereto as <u>Exhibit A</u>.

  6. <u>Highly Confidential Information.</u>  A party may designate as "Highly Confidential" any Information that it discloses and could otherwise be designated as "Confidential" pursuant to paragraph 5 above, and which further constitutes, reflects, or concerns highly sensitive technical, business, financial, or commercial information; trade secrets; new inventions, products, and product designs that have not been publicly disclosed; pending unpublished patent applications; research or development activities, whether or not such research or development has resulted in a commercial product; proposed research or development activities; licenses or licensing negotiations; customer lists and other customer-specific information; prospective business; marketing plans; non-public sales and marketing information; non-public financial information; internal marketing plans for future years that have been publicly disclosed; and/or other highly sensitive business information whose unauthorized disclosure might cause competitive damage or lessen a competitive advantage.  "Highly

4

Confidential" Information may be disclosed only to the persons identified in paragraph 5(a), 5(b), 5(d)(iii), and 5(e)-(i) above, with the exception of any attorney that prepares or prosecutes patent applications for any of the parties. However, "Highly Confidential" Information containing sales figures may also be disclosed to persons identified in paragraph 5(c).

7. <u>Publicly Available or Independently Obtained Information.</u> Protected Material shall not include any Information that (a) is now generally known or readily available to the public or which becomes so known or available without the fault of the receiving party; (b) was in the possession of a receiving party before its disclosure or production by the producing party hereunder without any form of protection from disclosure or obligation of confidentiality; (c) has been or becomes lawfully in the possession of a party through means independent of this action; or (d) is acquired from a third party without restriction, provided that the receiving party does not know or have reason to know, or is not informed subsequent to disclosure by such third party and prior to disclosure by the receiving party, that such Information was acquired by the third party under an obligation of confidentiality. This Order shall not restrict the use of any Information so obtained, even if that Information is otherwise provided in this action and designated as Protected Material. Use of such Information shall be subject to any confidentiality or other restrictions regarding the use or distribution of such documents imposed by the relevant authority or by law.

8. <u>A Party's Use of Its Own Information.</u> Nothing in this Order shall prevent any party from disclosing its own Information that it has designated "Confidential" or "Highly Confidential" as it deems appropriate. Such disclosure shall not be deemed a waiver of any other party's obligations under this Order, except as provided by law and/or to the extent that a party publicly discloses its own Information by making it part of the public docket in this action by,

5

e.g., attaching it unsealed as an exhibit to public filings or making it part of the public record at trial.

9. <u>Confidentiality Agreements.</u> Prior to the disclosure of any Protected Material to any person identified under to paragraphs 5(c), (e), (h), and (i) above, the party shall obtain from such person a signed undertaking in the form of the Confidentiality Agreement attached as <u>Exhibit A</u>, indicating that he or she has read this Order and will abide by its terms. Counsel of record for the party making such disclosure shall retain the original executed Confidentiality Agreements for at least two (2) years following the resolution of this action, whether by settlement or final non-appealable judgment.

10. <u>Limitations on the Use of Protected Material.</u> Parties and persons obtaining access to Protected Material under this Order shall use the information only for preparation and trial of this action (including depositions, discovery, mediation, arbitration, expert reports and disclosures, motions, hearings, court conferences, appeals, and retrials), and shall not use such information for any other purpose, including without limitation business, governmental, or commercial purposes, and administrative, regulatory, legislative, or other judicial proceedings.

11. <u>Filing Protected Material</u>. Without written permission from the designating party, no Protected Material may be filed on the public record with the Clerk of Court other than under seal in accordance with the provisions of this Order. If a party seeks to file such Protected Material under seal, then the party seeking to file such Protected Material shall seek leave of Court to file such material under seal in accordance with E.D. Michigan Local Rule 5.3, which the designating party shall have an opportunity to join. Should the Court decline to grant the motion for leave to file under seal, the material shall be returned to the moving party and shall not be made publicly available or available except as provided in this Order. Redacted versions

4839-4809-9858.1

of sealed documents and materials may be filed with the Court in accordance with normal procedures and made publicly available provided that (a) all Protected Material and all passages in which such Protected Material is quoted, incorporated, or cited are redacted from such filings; and (2) redacted versions are clearly marked "Public Version – Protected Material Omitted" or marked in a substantially similar manner. Redacted versions must also clearly identify each place where information or exhibits have been redacted. A notation to the effect of "redacted" will be sufficient.

12. <u>Testimony Concerning Protected Material</u>. Subject to paragraph 8 above, when Protected Material is discussed, quoted, or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 5 or 6 (as applicable) to have access to such Information are present. Whenever matter designated as Protected Material is to be discussed in a hearing, trial, or other proceedings, any party seeking to preserve its confidentiality may request that the Court exclude from the courtroom any person who is not entitled under this Order to receive Protected Material and/or may request that the transcript be marked appropriately.

13. <u>Preparing for Deposition or Testimony</u>. Consistent with paragraphs 5(d)(iii) and 5(f) above, during the course of preparing for a deposition or other testimony, unless otherwise entitled to access under this Order, a fact deponent/witness may only be shown Protected Material from another party's documents when the documents suggest, on their face, that they were authored or received in the normal course of business and outside the context of this action by the deponent/witness. Use of Protected Material during a deposition shall be subject to compliance with this Order.

14. <u>Designation of Protected Material</u>.  Protected Material shall be designated as follows:

   a. *Document Production*.  Prior to the production of documents to a requesting party, each page of the documents containing Protected Material shall be designated as "Confidential" or " Highly Confidential" by stamping or writing the word "Confidential" or "Highly Confidential," as the case may be.  In the event that documents are produced for inspection before their pages can be designated as "Confidential" or "Highly Confidential," all of the documents provided for inspection, and the pages and contents thereof, shall be treated as "Highly Confidential" from the beginning of the inspection until copies of selected documents are provided to the requesting party with any appropriate confidentiality designations.  The contents of any documents produced for inspection that are not selected for copying by the requesting party shall continue to be treated as "Highly Confidential."

   b. *Tangible Things*.  In the event that tangible things are produced that contain, constitute, or concern Protected Material, to the extent reasonably practicable, they shall be physically labeled "Confidential" or "Highly Confidential" in a way that does not alter or significantly obscure the things or any components thereof, and the producing party shall also provide written notice of such confidentiality designation to the requesting party at the time the thing is produced.  In such event, the tangible thing and any information that may be gleaned from its inspection or examination shall be treated as "Confidential" or "Highly Confidential," as the case may be.

   c. *Written Responses to Discovery Requests*.  In the case of answers to interrogatories, responses to requests for admissions, responses to any other written discovery under the Rules, and the information contained therein, confidentiality designations shall be made by stamping or writing the word "Confidential" or "Highly Confidential," as the case may be, on each page containing such answers, with the relevant portion of any such answer bracketed or otherwise noted.

   d. *Depositions*.  In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Protected Material shall be made either on the record during the deposition or by written communicationfrom counsel within fourteen (14) calendar days of receipt of the final transcript of the deposition by counsel for the party claiming confidentiality.  Between the date of the deposition and fourteen (14) calendar days after the final transcript has been received by the parties, the entire transcript is to be treated as if designated "Highly Confidential."  If no party has designated any portion of a deposition transcript "Confidential" or "Highly Confidential" within fourteen (14) calendar days after receipt of the final transcript, the entire transcript will be treated as non-confidential.  If all or part of a videotaped deposition is designated as

"Confidential" or "Highly Confidential," the video-cassette or other media containing video of the deposition shall be labeled with one or both of such legends. The foregoing deadlines may be extended by mutual agreement of the parties without the need for an order from the Court. Notwithstanding the foregoing option to designate on the record and/or by written communication, parties shall designate by written communication from counsel according to the above procedures for the transcript of any deposition of a party under Fed. R. Civ. P. 30(b)(6) or a party's partner, director, officer, or employee. Counsel for the parties shall be responsible for marking the pages of all copies of deposition transcripts in their possession, custody or control pursuant to this paragraph.

15. <u>Designations and Non-Designations</u>. The designation or lack of designation of Information by any party as "Confidential" or "Highly Confidential" does not, by itself, cause Information to become confidential, proprietary, or trade secret information of that party or otherwise diminish, denude, or deprive any confidential, proprietary, or trade secret status of the Information. The fact that Information has or has not been designated as Protected Material may not be introduced into evidence as an admission by any party and shall not be admissible in evidence for any other purpose.

16. <u>Objections to Designations</u>. If any party objects to the designation of any Information as "Confidential" or "Highly Confidential," the party shall so state the objection by written communication or, if at deposition, the party may, in addition or in the alternative to sending such communication, make a statement on the record to counsel for the person taking the designation. Any such notice shall identify the Protected Material to which the objection is directed. Upon receipt of such objection, a party that designated the Information as "Confidential" or "Highly Confidential" shall set forth its good faith basis for such designation. Counsel shall then confer in an attempt to resolve any disputes concerning such designation. If such disputes cannot be resolved, either party may apply to the Court for a determination of whether such designation is proper. Regardless of who brings such a motion, the party claiming confidentiality shall bear the burden of proving that the Information is "Confidential" or "Highly

Confidential." The Protected Material will be treated in accordance with the designation unless and until the Court rules that it should not be treated as such. If the material in question was produced by a non-party, that non-party shall be given reasonable notice and an opportunity to be heard in response to any motion. A party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto.

17. <u>Inadvertent Production of Undesignated Protected Material</u>. The inadvertent failure of a party to designate Information as "Confidential" or "Highly Confidential" at the time of its production or disclosure shall not preclude that party from later designating said Information as "Confidential" or "Highly Confidential" by promptly notifying all counsel of record of such designation. Upon learning of any inadvertent failure to designate, the producing party shall designate such Information as "Confidential" or "Highly Confidential" promptly. The obligation to treat such information pursuant to such designation shall run prospectively from the date of the designation, provided that the receiving party shall make a good faith effort to retrieve any copies of the Information that may have been previously disclosed to individuals who would not otherwise be entitled to receive the Information.

18. <u>Inadvertent Production of Privileged Information</u>. The inadvertent or unintentional production or disclosure of any documents or other information or materials, regardless of whether the information was designated as Protected Material, shall not be deemed a waiver or impairment of any claim of privilege or any other protection from discovery, or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall notify the receiving party in writing when inadvertent production or disclosure is discovered. Upon receiving written notice from the producing party that privileged

information or work-product material has been inadvertently produced or disclosed, all such information, and all copies thereof, shall be returned forthwith by counsel for the receiving party to counsel for the producing party and counsel for the receiving party shall not use such information for any purpose. Any analyses, memoranda, or notes that were generated based upon such inadvertently produced or disclosed information shall be destroyed by counsel for the receiving party and counsel for the receiving party shall not use such information for any purpose. If the receiving party disclosed the information to others before being notified of the inadvertent production, it must take reasonable steps to prevent further use or disclosure of such information. Nothing in this paragraph shall be interpreted as waiving the receiving party's ability to subsequently challenge any assertion of privilege with respect to the identified document.

19. <u>Inadvertent Disclosure of Confidential Information to Third Parties</u>. If Information designated "Confidential" or "Highly Confidential" is disclosed by a receiving party to any person other than in the manner authorized by this Order, the receiving party responsible for the disclosures must immediately bring all pertinent facts relating to such disclosure to the attention of the party that designated the Protected Material, and, without prejudice to the rights and remedies of the designating party, make every reasonable effort to (a) prevent further unauthorized disclosure on its own part, (b) prevent further unauthorized disclosure on the part of the person who received such Protected Material, and (c) to retrieve such Protected Material from the person who received it.

20. <u>No Admissions, Waivers, or Prejudice.</u> Entering into, agreeing to, and/or producing or receiving Protected Material under or otherwise complying with the terms of this Order shall not:

a. Operate as an admission by any party that any Protected Material constitutes, reflects, or concerns any trade secrets or any other types of confidential or proprietary information entitled to protection under applicable law;

b. Operate as an admission or waiver by any producing party regarding the confidentiality or non-confidentiality of any Information;

c. Operate as a waiver by any party of any legally cognizable privilege or other protection to withhold any Information, or of any right that a party might have to assert such privilege or other protected at any stage of this litigation;

d. Prejudice the right of any party to contest the alleged relevancy, authenticity, admissibility, or discoverability of Information sought and/or obtained, or otherwise prevent any party from objecting to discovery that it believes to be improper;

e. Prejudice the right of any party to move for a separate protective order as to any particular document or information, including restrictions differing from those herein; or

f. Prejudice the right of any party to move for modification of this Order.

21. <u>Review and Disclosures</u>.  Review of Protected Material by persons identified in paragraphs 5 and 6 shall not waive confidentiality or objections to production.  The inadvertent, unintentional, or *in camera* disclosure of Protected Material shall not, under any circumstances, be deemed a waiver in whole or in part of any producing party's claims of confidentiality.

22. <u>Requests, Subpoenas, or Orders by Third-Parties, Courts, or Agencies</u>.  If a third-party, court, or administrative agency subpoenas, orders, or requests pursuant to Fed. R. Civ. P. 34 (or equivalent rule) production of Protected Material that a party has obtained under the terms of this Order, such party shall promptly and in any case within five (5) business days of receipt of such subpoena, order, or request (but in no event later than the time for production of such material) give written notice to counsel for the party who designated the Information "Confidential" or "Highly Confidential," identifying the "Confidential" or "Highly Confidential" Information sought and enclosing a copy of the subpoena, order, or request.  The receiving party shall not produce the Protected Material for at least five (5) business days after providing the

required notice to the producing party.  If, within five (5) business days of receiving such notice, the producing party provides written notice to the receiving party that it opposes production of its Protected Material, the receiving party shall not thereafter produce such Protected Material, except pursuant to a court order or other order that subjects the receiving party to penalties for noncompliance.  The producing party shall be solely responsible for asserting any objection to the requested or required production.  Nothing herein shall be construed as requiring the receiving party or anyone else covered by this order to object to, challenge, or appeal any such subpoena, order, or request seeking or requiring production, subject itself to penalties for noncompliance, or seek any relief from any court or administrative agency.

23. <u>Non-Parties</u>.  Non-parties who are obliged to provide discovery in this action by deposition, production of documents, or otherwise may request the protection of this Order as to said non-party's own Information.  Information produced by such non-parties shall be treated by the parties in conformance with this Order.

24. <u>Non-Termination of Stipulated Protective Order</u>.  This Order is binding on all parties to this action, persons who receive Protected Material and have executed a Confidentiality Agreement, and on all non-parties who elect the protections of this Order, and shall survive any termination, settlement, discontinuance, stay, dismissal, judgment, or other disposition of this action.  This Order shall remain in force and effect until modified, superseded, or terminated by further order of the Court.

25. <u>Obligations Upon Termination of This Action</u>.  Within ninety (90) calendar days after the final resolution of this litigation, whether by settlement or entry of a final non-appealable judgment, all Protected Material, including all copies, excerpts, abstracts, and summaries, shall be returned to counsel for the party that produced it, <u>or</u>, at the option of the

13

producing party, destroyed, except that outside counsel of record shall be permitted to retain such materials solely for preserving its file in this action. Counsel of record shall make a certification of compliance herewith and shall deliver same to counsel for the producing party not more than ten (10) calendar days after the return or destruction of all documents contemplated hereby. The foregoing deadlines may be extended by mutual agreement of the producing and receiving parties without the need for an order from the Court. Notwithstanding the foregoing, as to those materials that contain or reflect Protected Material, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), even if such materials contain Protected Material, so long as such Protected Material, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to this Order. Additionally, the parties need not search for and return or destroy any electronic copies of Protected Material that might have been exchanged by email between or among the persons identified in paragraphs 5 and 6, and that might be still extant or archived only on their email servers or other servers.

26. <u>Violations</u>. In the event of any breach or violation of this Stipulation and Protective Order, the Court may grant such relief as it deems appropriate, including monetary damages, equitable relief, and/or any appropriate sanction(s).

27. <u>Jurisdiction.</u> Parties and persons to whom Protected Material is disclosed pursuant to this Order submit themselves to the personal jurisdiction of this Court, wherever they

might be located, for the enforcement of this Order.  This Court has jurisdiction over this Order for all purposes, including its interpretation and enforcement.

**STIPULATED AS TO FORM AND CONTENT:**

| FOLEY & LARDNER LLP | BUTZEL LONG |
|---|---|
| /s/ Mark A. Aiello | /s/ Phillip C. Korovesis |
| Mark A. Aiello (P43012) | Phillip C. Korovesis (P40579) |
| 500 Woodward Ave., Suite 2700 | 150 W. Jefferson, Suite 100 |
| Detroit, MI  48226 | Detroit, MI  48226 |
| (313) 234-7100 | (313) 225-7000 |
| maiello@foley.com | korovesis@butzel.com |
| *Attorney for Trilogy Marketing, Inc.* | |
| | FOLEY HOAG LLP |
| | /s/ David E. Cole |
| | David E. Cole |
| | Seaport West |
| | 155 Seaport Blvd. |
| | Boston, MA  02210 |
| | (617) 832-1000 |
| | dcole@foleyhoag.com |
| Dated: _____ | *Attorneys for Memsic, Inc.* |

**SO ORDERED:**

   s/Robert H. Cleland
   The Honorable Robert H. Cleland
   United States District Judge

Dated:  February 27, 2013

4839-4809-9858.1

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TRILOGY MARKETING, INC.,

      Plaintiff,                    Case No. 2:12-cv-13967-RHC-MKM

   v.                               Hon. Robert H. Cleland
                                        Magistrate Mona K. Majzoub

MEMSIC, INC.,

      Defendant.

_____

### CONFIDENTIALITY AGREEMENT

      I declare that I have read and received a copy of the Stipulated Protective Order ("Order") entered in the above-captioned case and that I fully understand the terms therein. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I understand in particular that I may not disclose or use "Confidential" or "Highly Confidential" Information outside of this action. I hereby consent to the personal jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division, for the purposes of enforcement of this Order. I understand that any disclosure or use of "Confidential" or "Highly Confidential" Information in any manner contrary to the provisions of the Stipulated Protective Order may subject me to, among other things, sanctions for contempt of court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____      _____
Signature                                                           Date
_____
Name (Please print or type)

Business Address: _____      Residential Address: _____
_____      _____
_____      _____

B4095106v1
4839-4809-9858.1