UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRILOGY MARKETING, INC.,

    Plaintiff,

v.                                                    Case No. 12-13967

MEMSIC, INC.,

    Defendant.
                                                    /

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending before the court is another Motion for Reconsideration, filed by Plaintiff Trilogy Marketing, Inc. ("Trilogy") on September 12, 2014 (Dkt. # 58), this time directed at the court's Opinion and Order (Dkt. # 57), which, in relevant part, denied Plaintiff's Motion for Summary Judgment as to Damages. Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

The facts have been discussed extensively in two previous Opinions (Dkt. ## 38, 57) and will repeated only insofar as is necessary for disposition of the instant motion. Trilogy is a sales representation firm who claims that Defendant Memsic, Inc. ("Memsic") breached a sales representation agreement (the "Contract"). The Contract entitled Trilogy to a sales commission "for all the work necessary to design in [Memsic's] products into products for customers located in [Trilogy's] territory." (Dkt. # 50-1 Pg ID. 1797.)

The dispute centers on the payability of these commissions for accelerometers manufactured by Memsic that were "designed in" to Autoliv Vehicle Stability Control Modules. The court has already determined that Memsic was not entitled to unilaterally alter the commission, and that its attempt to do so constituted a breach of the Contract. (Dkt. # 38). After briefing on the issue of damages, the court determined "that Trilogy is entitled to a 2% commission on worldwide sales to Autoliv during the period of the Contract," but only if Trilogy can prove at trial that it performed work necessary to "'design in' Memsic's products into Autoliv's products." (Dkt. # 57 Pg. ID 2243). Trilogy now argues that paragraph 12 of the Contract entitles it to commissions regardless of whether it performed any necessary work.

## II. STANDARD

The Eastern District of Michigan Local Rule 7.1(h)(3) sets forth the standard for a motion for reconsideration. Rule 7.1(h)(3) states that:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D Mich. LR 7.1(h)(3). A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.' " *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich.2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich.2001)). A motion for reconsideration is improper when it is simply a restatement of arguments rejected in the court's original decision.

## III. DISCUSSION

Trilogy disagrees with the court's analysis of paragraphs 11 and 12 of the Contract. However, Trilogy's arguments are the same ones raised and rejected by the court. Trilogy is fundamentally arguing, as it did before, that paragraph 12 ("SPLIT COMMISSIONS") is an independent basis for its right to compensation. Nothing in the language of paragraph 12 does any such thing. Paragraph 12 is simply a mechanism for allocating commissions earned in accordance with paragraph 11 when a split is indicated. In any case, it is clear that if Trilogy is entitled to commissions based on its work, the relevant rate is 2%, as both paragraphs 11 and 12 of the Contract incorporate Exhibit A, which in turn incorporates Exhibit B to set the Autoliv commission. Consequently, whether paragraph 12 applies to this exact situation is academic once the threshold issue (whether commissions are due at all) is answered.

The second part of Trilogy's motion argues that paragraph 11a does not create "a condition to perform necessary work." (Dkt. # 58 Pg. ID 2276). At the same time, Trilogy acknowledges that paragraph 2 obligated it to "work to design in Memsic's products." (*Id.*). In its Answer, Memsic denied that Trilogy procured sales for Memsic. *See* Compl. ¶¶ 7, 12 (Dkt. # 1, Pg. ID 2); Answer ¶¶ 7, 12 (Dkt. # 8, Pg. ID 18–19). It is black letter law that a party must prove its own performance on a contract to recover for a breach. Trilogy's attempt to fall back on Memsic's course of dealing is, at this stage, unavailing. The court has already noted that this course of dealing "appears to support Trilogy." (Dkt # 57, Pg. ID 10 n.3). But, as noted in the original opinion, according to Massachusetts law, "the intent of the parties is a question of fact to be determined at trial." *Seaco Ins. Co. v. Barbosa*, 761 N.E.2d 946, 951 (Mass. 2002). The court

declines to disturb its original determination that Trilogy's performance on the Contract is a question of fact for the jury. Accordingly,

    IT IS ORDERED that Trilogy's Motion for Reconsideration (Dkt. # 58) is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 10, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 10, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522